**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

United States of America,

Plaintiff,

vs.                                                                                   Case No. 1:22-cr-00185

Myron Johnson,

Defendant.

---

**ORDER GRANTING, IN PART, AND DENYING, IN PART,
MOTION TO DISMISS INDICTMENT**

---

[¶1]     THIS MATTER comes before the Court on a Motion to Dismiss Indictment filed by the Defendant on April 17, 2023. Doc. No. 33. The Defendant asks the Court to dismiss the Indictment against him with prejudice. See Doc. Nos. 34. 38. The United States filed a Response on May 11, 2023. Doc. No. 40. The Defendant's deadline to file a Reply was May 22, 2023. Doc. No. 35. To date, the Defendant has not filed a Reply. For the reasons set forth below, the Defendant's Motion to Dismiss Indictment is **GRANTED, in part, and DENIED, in part**. The Indictment is **DISMISSED without prejudice**.

**<u>BACKGROUND</u>**

[¶2]     The Defendant was originally charged by way of Complaint on September 19, 2022, with Sexual Abuse of a Minor in violation of 18 U.S.C. § 2423 and Abusive Sexual Contact of a Minor in violation of 18 U.S.C. § 2244(a)(5). Doc. No. 1. The Defendant's initial appearance on the Complaint was held September 23, 2022. Doc. No. 4. A preliminary hearing was held on September 30, 2022. Doc. No. 17. After hearing testimony and reviewing the Complaint and Affidavit, Magistrate Judge Clare R. Hochhalter found probable cause existed to charge the

Defendant with the crimes alleged in the Complaint. The Defendant waived the detention hearing and was ordered detained after the preliminary hearing. Doc. Nos. 16 (waiver of detention hearing); 18 (Order of Detention).

[¶3]    The United States filed an Indictment on October 5, 2022, charging the Defendant with (1) Sexual Abuse in Indian Country, in violation of 18 U.S.C. §§ 2242(3) and 1153, as well as Abusive Sexual Contact of a Minor, in violation of 18 U.S.C. § 2244(a)(5) and 1153. Doc. No. 19. The Defendant did not have his arraignment on the Indictment until March 22, 2023. Doc. No. 27. Trial was set for April 18, 2023. The Defendant filed the instant Motion to Dismiss on April 17, 2023. Doc. No. 33. The Court ordered trial be continued to June 20, 2022, in order to have adequate time for briefing and consideration of the issues presented in the Defendant's Motion. Doc. No. 35.

## DISCUSSION

[¶4]    The Defendant argues the Court should dismiss the Indictment in this case with prejudice based upon a violation of his Sixth Amendment right to a speedy trial and under the Speedy Trial Act. The United States argues the remedy for a statutory violation of the Speedy Trial act in this case is dismissal without prejudice. The United States also contends the Defendant has not suffered a speedy trial violation of constitutional proportions. Importantly, there is no dispute this case should be dismissed. The only issue before the Court is whether it should be dismissed with or without prejudice under both the Speedy Trial Act and the Sixth Amendment to the United States Constitution.

### I.    Dismissal under the Speedy Trial Act

[¶5]    There is no dispute the Indictment must be dismissed for a violation of the Speedy Trial Act. The Indictment was filed on October 5, 2022. The Speedy Trial Act (18 U.S.C. § 3161 *et seq.*) requires trial begin within seventy days from the date the indictment is filed unless the time is

authorized for exclusion under the Speedy Trial Act.[1] See 18 U.S.C. §§ 3161(c)(1) (providing the speedy trial clock begins at the time the Indictment is filed or at the initial appearance, whichever is later), (h) (providing time exclusions under the Speedy Trial Act). The remedy for a statutory violation is dismissal of the Indictment. 18 U.S.C. § 3162(a)(2) ("If a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the information or indictment shall be dismissed on motion of the defendant.").

[¶6]    The United States argues the seriousness of the offense, the facts and circumstances surrounding the dismissal, and the impact of prosecution all weigh in favor of dismissing the Indictment without prejudice. The Defendant simply argues the factors "weigh heavily in favor of a Speedy Trial Act dismissal with prejudice." Doc. No. 38, p. 6.

[¶7]    The Speedy Trial Act provides certain factors the Court must consider when deciding whether to dismiss an indictment with or without prejudice:

> In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: [1] the seriousness of the offense; [2] the facts and circumstances of the case which led to the dismissal; and [3] the impact of a reprosecution on the administration of this chapter and on the administration of justice.

---

[1] There is a dispute over when clock began to run under the Speedy Trial Act. The Defendant asserts it was on September 23, 2022, when he first appeared before the Magistrate Judge. The United States argues it began on the date the Indictment was filed. The Court agrees with the United States. 18 U.S.C. § 3161(c)(1) provides:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information and indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

Here, the Defendant had his appearance before the Magistrate Judge on September 23, 2022, but was not indicted until October 5, 2022. October 5 occurs later, which, by the plain language of the Speedy Trial Act, is the start date for calculating a statutory Speedy Trial Act violation.

18 U.S.C. § 3162(a)(2). The Court will address each factor in turn.

### a. Seriousness of the Offense

[¶8]    The United States contends the charges against the Defendant are significant and serious. Because of this, the United States avers this factor weighs in favor of dismissal without prejudice. The Defendant claims the delay is sufficiently serious to warrant dismissal with prejudice. The Court agrees with the United States.

[¶9]    The Speedy Trial Act requires the Court to consider the seriousness of the offense when deciding whether to dismiss an indictment with prejudice. 18 U.S.C. § 3162(a)(2). "When a crime is serious, the court should dismiss with prejudice only for a correspondingly serious or prejudicial delay." United States v. Summage, 575 F.3d 864, 874 (8th Cir. 2009) (quotation marks omitted) (quoting United States v. Cardona-Rivera, 64 F.3d 361, 363-64 (8th Cir. 1995)).

[¶10]   There is no doubt the charges against the Defendant are serious. He is charged in one count of sexual abuse of a minor victim and abusive sexual contact with a minor. Doc. No. 20. In Summage, the Eighth Circuit determined production and possession of child pornography offenses constituted sufficiently serious crimes to warrant dismissal without prejudice. Id. Here, the Defendant is charged with two counts involving the alleged sexual abuse of a minor. Without commenting on the strength of the United States' case, the charges involve an actual minor victim. The seriousness of the offense alleged against the Defendant weighs in favor of dismissal without prejudice.

### b. Facts and Circumstances of the Case Leading to the Dismissal

[¶11]   The United States contends it was not responsible for the delay and the reasons for the delay are "obscure." Doc. No. 40, p. 4. In making this argument, the United States contends the record does not reflect the cause of the delay and, at worst, the delay was caused by "judicial

oversight." Id. The Defendant claims the delay is sufficiently serious to warrant dismissal with prejudice. The Court agrees with the United States.

[¶12]   The Court is required to consider the facts and circumstances of the case leading to the dismissal. 18 U.S.C. § 3162(a)(2). Dismissal with prejudice is not favored when the negligence or oversight causing the delay was not "an attempt [by the United States] to obtain a tactical advantage for the government or that the government regularly or frequently failed to meet time limits of the Act." United States v. Koory, 20 F.3d 844, 848 (8th Cir. 1994). Likewise, when the delay is not caused by the United States, but by the Court, "dismissal with prejudice is not favored." Summage, 575 F.3d at 874.

[¶13]   The record does not establish a reason for the delay. It happened. Whether by judicial oversight or failure of the Parties, the delay occurred. There is no evidence in the record to show the United States was trying to obtain some tactical advantage over the Defendant or otherwise. See Koory, 20 F.3d at 848. At worst, it was judicial oversight or lack of diligence on the part of the United States.[2] If the delay was caused by the Court, then it was not caused by the United States and dismissal with prejudice is too severe of a sanction. See Sedner v. United States, 547 U.S. 489, 499 (2006) (noting dismissal of an indictment with prejudice is "[t]he more severe sanction"); Summage, 575 F.3d at 874 (when the delay is caused by the Court and not the United States, "dismissal with prejudice is not favored"). If the delay was caused by the United States lack of diligence, the circumstances do not warrant a dismissal with prejudice. See United States v. Elmardoudi, 501 F.3d 935, 942 (8th Cir. 2007) (upholding a dismissal without prejudice where a

_____

[2] Even in the face of this potential oversight or lack of diligence, the Court notes it is well within both the United States' and Defendant's power to call this oversight to the Court's attention in such a manner to get trial appropriately scheduled.

271-day delay was caused by the United States' lack of diligence). Accordingly, the circumstances surrounding dismissal of the Indictment weigh in favor of dismissal without prejudice.

### c. Impact of Reprosecution on the Administration of the Speedy Trial Act and the Administration of Justice

[¶14]   The United States argues the impact of dismissal on the administration of justice weighs significantly in favor of dismissal without prejudice. The Defendant claims the delay is sufficiently serious to warrant dismissal with prejudice. The Court agrees with the United States.

[¶15]   The Court is required to consider the impact of reprosecution on the administration of the Speedy Trial Act and the Administration of Justice. 28 U.S.C. § 3162(a)(2).

[¶16]   The administration of justice is best served by dismissing this case without prejudice. The delay was not insignificant. Based on the Court's calculation, the Defendant sat in custody for 169 days under the Speedy Trial Act before trial without a justifiable exclusion under 28 U.S.C. § 3161(h). Nevertheless, "if the [United States] was not allowed to reprosecute [Johnson] for such [serious crimes], society's confidence in the justice system would be undermined." Summage, 575 F.3d at 874 (alterations added) (citing United States v. Kramer, 827 F.2d 1174, 1179 (8th Cir. 1987)). Providing the United States an opportunity to reprosecute the serious offenses here significantly weighs in favor of dismissal without prejudice.

### II.   Dismissal under the Sixth Amendment's Right to a Speedy Trial

[¶17]   The Defendant argues his Sixth Amendment right to a speedy trial has been violated and dismissal with prejudice is an appropriate remedy under the circumstances. The United States avers the Defendant has not suffered a constitutional violation. The Court agrees with the United States.

[¶18]    The Court is required to review speedy trial claims under the Sixth Amendment separately from the claim under the Speedy Trial Act. United States v. Sprouts, 282 F.3d 1037, 1041 (8th Cir.

2002) ("Sixth Amendment and Speedy Trial Act challenges for delay are reviewed independently of one another."). The Sixth Amendment to the United States Constitution provides criminal defendants "the right to a speedy . . . trial." U.S. Const. Amend. VI. Unlike the Speedy Trial Act, the time under the Sixth Amendment begins to run "at the time of arrest or indictment, whichever comes first, and continues until trial commences." United States v. Johnson, 990 F.3d 661, 670 (8th Cir. 2021) (quotation marks and citation omitted). When deciding whether a Defendant's Sixth Amendment right to a speedy trial has been violated, the Court looks to (1) the length of delay; (2) reason for the delay; (3) defendant's assertion of his right; and (4) prejudice to the defendant. Id.

### a. Length of Delay

[¶19]   The Defendant contends the length of delay is presumptively prejudicial because "there is only one pretrial motion requiring a two-day continuance." Doc. No. 38, p. 3. The United States argues the delay does not reach the threshold to be presumptively prejudicial under Barker v. Wingo, 407 U.S. 514 (1974). The Court agrees with the United States.

[¶20]   When considering the length of the delay, the Court makes a two-fold inquiry: (1) whether the length of delay was presumptively prejudicial and (2) "the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim." Id. The Court only reaches the second prong if it finds the delay was presumptively prejudicial. Id. The Eighth Circuit has held "a delay approaching a year may meet the threshold for presumptively prejudicial delay." United States v. Titlbach, 339 F.3d 692, 699 (8th Cir. 2003).

[¶21]   The Defendant was arrested on September 22, 2022. Doc.  No. 8. He was not indicted until October 5, 2022. Doc. No. 19. The court calculates the time under the Sixth Amendment beginning with the arrest or indictment, whichever is earlier and ends at the time trial commences. Johnson,

990 F.3d at 670. The time began to run on September 22, 2022, the date the Defendant was arrested. Id. According to the Defendant, 208 days have elapsed under the Sixth Amendment. The Court agrees.

[¶22]   A 208-day delay does not meet the threshold requirement for being presumptively prejudicial. This is still 157 days before a one-year delay would have occurred. The delay is not presumptively prejudicial because it is significantly less than one year. See Titlbach, 339 F.3d at 699 (noting a delay approaching one year may be presumptively prejudicial). Accordingly, this factor weighs in favor of finding there was no Sixth Amendment violation. See Johnson, 990 F.3d at 670 (finding a 14-month delay "did not stretch far beyond the bare minimum needed to trigger judicial examination" (quotation marks and citations omitted)).

### b.   Reason for the Delay

[¶23]   The Defendant argues the delay was presumably caused by a congested Court calendar and weighs in favor of finding a Sixth Amendment violation. The United States argues neither it nor the Defendant was responsible for the delay. According to the United States, this factor is neutral to both parties. The Court agrees with the United States.

[¶24]   The Court must next consider the reason for the delay. Id. This second inquiry is related to the length of delay but looks to the justifications provided by the United States for the delay. Id. at 671. The United States has averred the delay occurred due to judicial oversight. The Defendant claims it was because of a congested court docket. There is no evidence in the record to support the Defendants' contention. The Court agrees judicial oversight is likely the cause of the delay. This is not attributable to either party. This factor is, therefore, neutral in respect to finding a Sixth Amendment violation.

### c.  Defendant's Assertion of His Right

[¶25]   The Defendant argues he asserted his right to a speedy trial. The United States contends the Defendant did not file a demand for a speedy trial and did not request a status conference in light of his continued detention. On this record, the court agrees with the United States.

[¶26]    The Court must consider the Defendant's assertion of his right to a speedy trial. Id. at 670. The Defendant made a weak assertion of his right to speedy trial in this case. See id. at 671 ("Johnson only weakly asserted her speedy trial right."). While the Defendant made a two-day continuance request of his detention hearing (Doc. No. 14) and ultimately moved to dismiss on speedy trial grounds, he did not inquire with the Court regarding why trial had not been scheduled. See Johnson, 990 F.3d at 671 ("[A]lthough [the defendant] eventually moved to dismiss, she failed to oppose the four continuances."). The Defendant's minimal assertion of his speedy trial rights weighs against finding a Sixth Amendment violation occurred.

### d.  Prejudice to the Defendant

[¶27]   The Defendant argues the resulting prejudice against him is "outstanding." Doc. No. 38, p. 5. He claims he was (1) "abandoned" by the Court system; (2) left without the ability to be with his family; (3) left "in agony" while his elderly grandmother's health deteriorates; and (4) left unable to prepare a defense because there was no trial date. Id. The United States argues (1) the Defendant's pretrial detention was not oppressive; and (2) anxiety over his personal life is insufficient to find a Sixth Amendment violation. The Court agrees with the United States.

[¶28]   The Court must consider the prejudice, if any, to the Defendant caused by the delay. Johnson, 990 F.3d at 670. In looking at this factor, the Court considers three interests: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and

(iii) to limit the possibility that the defense will be impaired." Id. at 671 (quotation marks omitted) (quoting Barker, 407 U.S. at 532).

[¶29]   Addressing the Defendant's arguments, the Court notes the Defendant was not abandoned by the judicial system. While a trial date was eventually set, Defense Counsel made no effort to inquire or secure the Defendant's Sixth Amendment right to a speedy trial in the face of there not being a trial date scheduled. This oversight has been attributed to judicial oversight, but neither Party brought this matter to the Court's attention until it was too late. The Defendant sat on his rights and did not seek to enforce them until a trial date had been scheduled.

[¶30]   Likewise, the Defendant's personal anxieties over pretrial incarceration are overplayed. He could have requested release to attend to his family. But the record shows he did not. The Eighth Circuit has rejected the Defendant's argument in this regard. See Johnson, 990 F.3d at 671("With regard to the second interest, avoiding anxiety, without concurrent prejudice to the defendant's ability to mount a defense, is likely the weakest interest served by the Sixth Amendment.").

[¶31]   The Defendant claims he was unable to prepare a defense because there was no trial date scheduled. This is a conclusory statement unsupported by the record. As articulated by the United States, the Defendant has not shown evidence was lost or destroyed as a result of the delay. Although the Defendant claims he was unable to prepare for trial due to the delay, he has not shown the defense of his case has actually been impaired due to the delay. See United States v. Cooley, 63 F.4th 1173, 1179 (8th Cir. 2023) (concluding an 8-month delay due to the government's negligence "was not so great that we are able to discount [defendant's] inability to show particularized prejudice from that delay"). After reviewing the entire record, the Court concludes the Defendant has failed to show a particularized prejudice from the delay. This factor, therefore, weighs against finding a Sixth Amendment violation.

## <u>CONCLUSION</u>

[¶32]   Having considered the Motion, the record, and relevant law, the Defendant's Motion to Dismiss is the Indictment is **GRANTED, in part**. However, as discussed above, the specific circumstances in this case weigh in favor of dismissal without prejudice. The Defendant's Motion to Dismiss the Indictment insofar as he requests a dismissal with prejudice is, therefore, **DENIED, in part**. Accordingly, the Indictment in this case is **DISMISSED without prejudice**.

[¶33]   **IT IS SO ORDERED.**

DATED May 24, 2023.

Daniel M. Traynor, District Judge
United States District Court